IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 07-cv-00084-WYD-PAC

BNZ MATERIALS, INC., a Delaware corporation,

    Plaintiff,

v.

E.I. DUPONT DE NEMOURS AND COMPANY, a Delaware corporation; and
TATA REFRACTORIES, LIMITED, a foreign corporation,

    Defendants.

## ORDER REMANDING CASE

THIS MATTER is before the Court on the Notice of Removal ("Notice") filed by Defendant Tata Refractories, Ltd. ("TRL") on January 12, 2007. Plaintiff filed a Motion to Remand on January 29, 2007. After a careful review of the pleadings, I find that this Court lacks subject matter jurisdiction and order that this case be remanded to the District Court for the City and County of Denver, Colorado.

For a federal court to have original jurisdiction in a diversity case, the amount in controversy must exceed $75,000 and the matter must be between citizens of different states. 28 U.S.C. § 1332(a). Jurisdiction under § 1332 is proper only where there is complete diversity in that all plaintiffs are of different citizenship than all defendants. *Hale v. MasterSoft Intern. Pty. Ltd.*, 93 F.Supp. 2d 1108, 1111 (D. Colo. 2000). For diversity purposes, a defendant is a citizen of both its state of incorporation and the

state where it has its principal place of business.  *Hale*, 93 F.Supp. 2d at 1112.  There is a presumption against removal jurisdiction, *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), *cert. denied*, 516 U.S. 863, and courts are rigorously to enforce Congress's intent to restrict federal jurisdiction in controversies between citizens of different states.  *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1339 (10th Cir. 1998).  Here, the Notice states that Plaintiff is a Delaware corporation with its principal place of business in Colorado, and that Defendant E.I. du Pont de Nemours and Co. ("DuPont") is a Delaware corporation with its principal place of business in Delaware.  Therefore, complete diversity does not exist between Plaintiff and Defendant DuPont, and this Court lacks subject matter over this case.

In addition, "'[I]t is well established that removal generally requires unanimity among the defendants.'" *Scheall v. Ingram*, 930 F.Supp. 1448, 1449 (D. Colo. 1996) (quoting *Balazik v. County of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995)).  Section 1446(b) requires all served defendants to join or consent to the removal petition within thirty days of service, commencing when the first defendant is served.  *Scheall*, 930 F.Supp. at 1449.  "A petition filed by less than all the named defendants is considered defective if it fails to contain an explanation for the absence of co-defendants."  *Id.* (citation omitted).  Section 1446(c) requires that, if it clearly appears on the face of the notice that removal should not be permitted, the court should make an order for summary remand.  *Id.*  Here, the Notice filed by Defendant TRL.  In the Notice, TRL states that Defendant DuPont was served on December 1, 2006.  Therefore, the Notice is defective on its face in that it does not explain the absence of Defendant DuPont.

Finally, Plaintiff has requested that I award it the costs and attorneys' fees incurred as a result of the Notice. In the Tenth Circuit, whether to award attorney fees and costs under Section 1447(c) when a case is remanded to state court is within the sound discretion of the district court. *Wallic v. Owens-Corning Fiberglass Corp.*, 40 F. Supp.2d 1185, 1189 (D. Colo. 1999) (citing *Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1353 (10th Cir.1997)). While I find that the Notice is defective in several respects, I decline to award costs and attorneys' fees.

Accordingly, it is

ORDERED that this matter be REMANDED to District Court for the City and County of Denver, Colorado.

Dated:  January 31, 2007

                                        BY THE COURT:

                                        s/ Wiley Y. Daniel
                                        Wiley Y. Daniel
                                        U. S. District Judge